LUCILA ORTIZ, ETC., Plaintiff and Appellee, *v.* LUIS FERNANDO
BURGOS and PEDRO BURGOS, Defendants and Appellant,
the latter.

No. 12724. Decided March 16, 1962.

*C. Domínguez Rubio* and *F. Navarro Ortiz* for appellant. *Helios A. Zeno* for plaintiff and for Society for Legal Aid of Puerto Rico.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On January 13, 1959, plaintiff Lucila Ortiz appealed to the Superior Court, Guayama Part, claiming support for her children Luis Fernando and Pedro Luis Burgos who were then three and two years of age, respectively. As a result of the first hearing held it was decided that the defendant father was in a very critical economic situation—he was receiving unemployment relief as a veteran of the armed forces—which prevented him from adequately satisfying the needs of his two above-mentioned children, who had been the offspring of extramarital relations. In view of this situation, plaintiff requested and obtained leave to amend the complaint for the purpose of including Pedro Burgos as a defendant party, paternal grandfather of the minors and a person of well known economic solvency.

Defendant Pedro Burgos alleged that the complaint did not adduce facts constituting a cause of action against him, on the grounds that pursuant to the provisions of § 143 of the Civil Code (1930 ed.), 31 L.P.R.A. § 562, in the order of support obligations among relatives, the acknowledged natural child is not entitled to claim support from his natural father's father. The trial court dismissed this defense and ordered defendants to provide for the minors, by way of allowance for support, the weekly sum of $25, distributed in the following way: $10, from the father, Luis Fernando Burgos, and $15, from the grandfather, Pedro Burgos. An appeal was taken from this judgment.[1]

---

[1] Although the claim was prosecuted under the special procedure provided for actions of unlawful detainer, § 618 of the Code of Civil Procedure (1933 ed.), 32 L.P.R.A. § 2971, the term to appeal was thirty days, according to the decisions in *Pirazzi* v. *Vecchini*, 48 P.R.R. 688.

■ 1. Although the question has not been raised by the appellee, it is fitting to first determine whether or not the appeal raises "a substantial question under the Constitution . . . of Puerto Rico," as required by § 14 of the Judiciary Act, as amended by Act No. 115 of June 26, 1958, 4 L.P.R.A. § 37, p. 182 (1960 Supp.). In its pertinent part the notice of appeal presented at the office of the clerk of the Superior Court reads as follows:

"The constitutional question raised by the Hon. Judge in rendering his judgment and which is the object of this appeal, is *whether notwithstanding the content of § 1 of Art. IX of the transitory provisions of the Constitution of the Commonwealth of Puerto Rico*, which provides that when this Constitution goes into effect all laws not inconsistent therewith shall continue in full force until amended or repealed, or until they expire by their own terms; the content of Act No. 17 of August 20, 1952, establishing equality of rights between parents and children, had or has the effect of including in the provisions of § 562 of the Civil Code (L.P.R.A., p. 478), the obligation of the natural grandfather, to provide support for his natural grandchildren, by declaring, as the Hon. Judge decides, non-existent the word 'legitimate' of subsection 2 of said § 562, deciding hence whether besides the exclusive obligation imposed by the provisions of § § 506 and 509 of the Civil Code (L.P.R.A., pp. 465 and 469) upon the parents of natural children for their support, the judiciary has powers, by legislative fiat or interpreting clear concepts, to declare nonexistent the term 'legitimate' in subsection 2 of the afore-mentioned § 562, and to create by this means a general or subsidiary obligation for support by their natural grandparents, as the case may be, or the right to amend an Act through the suppression of terms existing therein, is absolute of the Legislature, and of the courts to interpret only what is written."

(1935) and *Hornes* v. *Giusti*, 48 P.R.R. 249 (1935). *Cf. Andino* v. *Fajardo Sugar Co.*, 82 P.R.R. 81 (1961).

Defendant Pedro Burgos appealed to this Court, to challenge the judgment rendered, by way of a petition for review and a petition for certiorari. We denied both. Petition for review No. 165, decided on August 21, 1959 and Petition for Certiorari No. 2507, decided on May 26 of the same year.

In order that an appeal may be taken against a final judgment of the superior court in an action of original jurisdiction in said Part of the Court of First Instance, it is not sufficient to allege that a constitutional provision has been infringed. It is necessary that the question involved be substantial. As stated in a case proceeding from this Court by the Court of Appeals for the First Circuit, *Godreau* v. *Godreau*, 296 F.2d 326 (1961), it does not suffice to interpolate an alleged constitutional question when the question raised, once it is analyzed adequately, is limited to alleging that the judgment is erroneous. "Mere error does not raise a constitutional question," was stated in the per curiam opinion delivered in the case referred to. In the case at bar it cannot be maintained that there is involved something more than the assignment of error in the interpretation of § 143 of the Civil Code, *supra*, viewed in the light of Act No. 17 of August 20, 1952. The appeal should be dismissed.

Nevertheless, pursuant to paragraph (f) of § 14 of the Judiciary Act, as amended by Act No. 115 of June 26, 1958, *supra*, "the filing of a notice of appeal in a case where only a writ of review proceeding is in order shall not be sufficient ground for dismissal, and in such case the notice of appeal shall, for all proper purposes, be considered as if it were a petition for a writ of review duly filed in the Supreme Court on the date the notice of appeal was filed in the office of the clerk of the Superior Court." However, as we have pointed out in footnote 1 of this opinion, the same question was raised by a petition for review and the full court issued an order denying it. In view of these circumstances we are not at liberty to alter the exercise of discretion which said order entails.

The appeal shall be dismissed for want of jurisdiction.